## DECLARATION OF CHRIS TORTO

I, Chris Torto, hereby declare as follows, pursuant to 28 U.S.C. § 1746:

1.      I am the President of the Palm, Hibiscus, and Star Islands Association (the "Neighborhood Association"). I have served in that position since May 1, 2024. I am also the Head of the Neighborhood Association's Security Committee, a position I have held since February 3, 2022.

2.      The statements contained in this declaration are based upon my personal knowledge, my review and consideration of documents and information available to me in my official capacity with the Neighborhood Association, and information obtained from other officials with the Neighborhood Association.

3.      The Neighborhood Association represents the interests of all homeowners on Palm, Hibiscus, and Star Islands ("PHS Islands"). The PHS Islands are small, private communities that are typically secure and tranquil.

4.      Art Week, and especially its signature Art Basel Miami Beach component, is one of the busiest times for the PHS Islands.

5.      I am aware that the City Commission passed Resolution No. 2024-33407 (the "Art Week PHS House Party Resolution" or "Resolution") in efforts to mitigate disruptions on the PHS Islands caused by raucous house parties during Art Week 2024.

6.      I am also aware that Plaintiffs Leonard Hochstein (resident of 42 Star Island Drive on Star Island), Daniel Vincent Liburdi (resident of 101 N. Hibiscus Drive on Hibiscus Island), and Sinan Tuna (resident of 165 N. Hibiscus Drive on Hibiscus Island) have filed the above-captioned lawsuit, seeking to enjoin the Resolution.

7.      Each of these Plaintiffs has a history of holding disruptive parties or other

unauthorized special events in single-family homes on the PHS Islands, which have prompted complaints to the Neighborhood Association.

8. **Leonard Hochstein:** The Neighborhood Association has received complaints from residents about several parties thrown, or permitted to be thrown, by Mr. Hochstein. For example, Art Basel-related parties in 2022 and 2023 turned out to be rowdy and taxing on PHS Islands' infrastructure. For example, the Art Basel event in 2022 at 42 Star Island Drive resulted in a massive influx of vehicular traffic. Vehicles have only one roadway for ingress/egress to the MacArthur Causeway (Bridge Road), and the flood of cars clogged the sole roadway on the other side of the guardhouse (Star Island Drive), which is a single-lane loop around the island. Additionally, the Art Basel event in 2023 at 42 Star Island Drive similarly gridlocked the island's guardhouse and roadway. Neighbors were disrupted by the unruly conduct of both party invitees and crashers, some of whom attempted to jump over a fence and/or swim through Biscayne Bay in efforts to gain access to the estate. All of this has resulted in a great deal of concern expressed by PHS Islands residents to the Neighborhood Association in anticipation of Art Week 2024.

9. **Daniel Vincent Liburdi:** Mr. Liburdi previously resided at 269 N. Hibiscus Drive, also on Hibiscus Island. Since approximately August 2024, Mr. Liburdi now resides at 101 N. Hibiscus Drive. The Neighborhood Association has received resident complaints about Mr. Liburdi based on parties thrown at both Hibiscus Island addresses. For example, the Neighborhood Association received several complaints regarding excessively loud music and the revving of car engines in Mr. Liburdi's driveway at 269 N. Hibiscus Drive, persisting from 3 am until after 6 am on Thursday, April 4, 2024, and ultimately requiring police intervention. These complaints prompted the Neighborhood Association's Security Committee to send a letter that same day, attached hereto as **Exhibit A**. Despite this letter, Mr. Liburdi has continued to throw large,

commercial-grade parties that disrupt the quality of life of PHS Islands residents. The Neighborhood Association is aware of such parties taking place on September 25-26, 2024; October 17-18, 2024; October 26, 2024; and October 31-November 1, 2024. Mr. Liburdi's antics have gotten so bad that his neighbors, the Ferrers, have sent the Neighborhood Association the attached Summary Report (**Exhibit B**) and have filed a nuisance lawsuit against Mr. Liburdi (verified complaint at **Exhibit C** and emergency motion for temporary injunction at **Exhibit D**). All of this has resulted in a great deal of concern expressed by PHS Islands residents to the Neighborhood Association in anticipation of Art Week 2024.

10.     **Sinan Tuna:** During Art Week last year, Mr. Tuna threw a party on December 7, 2023, that prompted several PHS Islands residents to complain to the Neighborhood Association. The complainants reported firework debris falling on people's lawn, young children being woken up and terrified by the explosive noise, and elderly residents shaking in their beds and unable to sleep. In the words of one Hibiscus Island resident of nearly 40 years, it was the worst noise level they had ever experienced. Another complainant had difficulty accessing their own home due to the traffic caused by the party. These complaints prompted the Neighborhood Association's Security Committee to send a letter on December 18, 2023, attached hereto as **Exhibit E**. Despite the letter, Mr. Tuna is planning another party during Art Week 2024, which has resulted in a great deal of concern expressed by PHS Islands residents to the Neighborhood Association.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 30, 2024.

DocuSigned by:

*Chris Torto*

48BCFA2CE2CA454...

CHRIS TORTO, President
Palm, Hibiscus, and Star Islands Association



April 4, 2024

Mr. Daniel Liburdi
269 N Hibiscus Drive
Miami Beach, FL 33139

Dear Mr. Liburdi,

It has come to our attention that there were several complaints from residents of
Hibiscus Island regarding excessively loud music and the revving of car engines in your
driveway, persisting from 3 am until after 6 am on Thursday, April 4th, prompting the
intervention of the Miami Beach Police Department (MBPD).

We ultimately want to work with our residents to enjoy their property in a safe and
peaceful manner and request your cooperation in adhering to the city's noise regulations
in the future. Also, a permit from the City of Miami Beach is required for filming on
private residential properties, or for any special event. Should you have any questions or
concerns, please do not hesitate to reach out to us.

Sincerely,

Allison Feldman & Chris Torto
Board and Security Committee Members
PHS Islands Association
152 Palm Avenue
Miami Beach, FL 33139

**Ex. A**

Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House

To Whom it May Concern,

My Family and I have lived on the Islands for the past 5 years. We have never had any issues with the community, the neighbors, nor the police.

Once the new neighbor moved in next door, to 101 N. Hibiscus Drive (September 2024), we are constantly being disturbed by his parties, loud music, herds of cars and people, fireworks, and blatant negligence to safety within our community.

We have contacted the HOA Team to report all these issues (which they have been amazing, and are truly trying to assist), we have spoken with almost every police officer at the entrance of Palm/Hibiscus Guard House, and we have had a Zoom Call with a variety of Miami Beach Officials (including police officers, Captain of the Miami-Dade police department, code enforcement, and our attorney).

<u>Below is a Timeline of Our Miserable Encounters with the Neighbor/His Events:</u>

- ==September 25th/26th 2024:== My husband and I returned from Work Travel at around Midnight. The nanny called me while I was uber'ing from the Airport and advised me the music was very loud. As we arrived to our community – we advised the police officer on duty to please send someone to 101 N. Hibiscus to have them turn down the music. We then called the guardhouse again at 1:29 AM because the party was *still* going on and the outside music was extremely loud.
- ==October 17th 2024:== Another party occurred and we called the guardhouse at 1:58 AM and again at 2:37 AM to report loud noise/music outside.
- ==October 26th 2024:==  Another party occurred and we called the guardhouse at 10:56 PM to report loud noise/music outside.
- ==October 31st 2024:==  A <u>massive</u> Halloween Party that started at 11:00 PM and Ended at 6:00 AM. We called at 1:01 AM, 1:28 AM, 1:43 AM, and 4:11 AM. This party, *no matter how many times we called the police –* it never ended! Over 400 CARS came into our community that evening. Code Enforcement NEVER made it to this event to help.
- ==**Next Week** – ART BASEL (He already applied for permits).==
- ==**Random Christmas Party** – Possibly.==



Ex. B

Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House




Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House

**Halloween Party:  101 N Hibiscus Drive (10/31/2024)**





Private
Shuttle Busses



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House





Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media: Hibiscus House

Our neighbor from across the street to the West had their new landscaping destroyed by the constant UBER driver staging and waiting for calls, grid lock traffic causing drivers to actually drive over the private grass areas of other homes.



Same UBER Driver still picking up party goers on 11/01/2024 at 7AM. When we left our home for work and to drop off our kids at school. Notice the private bouncer still working the door as party goers were still inside playing loud music.



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House

**10/31/2024 – 101 N. Hibiscus Drive; Social Media**



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media: Hibiscus House



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House

Party Goers blowing a Viking air horn all night, this was done repeatedly outside in the back yard during the event.



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House

**10/17/2024 – 101 N. Hibiscus Drive; Social Media**



Random Party, Palm Island Police Gatehouse advised 93 cars showed up at the gate within 2 hrs.

Same Private Shuttle that was used on 10/31/2024 that constantly picks up and drops off party goers.

UBER blocking our driveways and cars parked on our lawns.

Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House





UBER blocking our driveways and cars parked on our lawns.

Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House

Party Boat showed up at 1 AM on 10/17/2024 and started to play loud music with a DJ speaking and hosting the event.



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House

Same Private Shuttle that was used on 10/17/2024 that constantly picks up and drops off party goers. Hired private company directing traffic throughout the night.



Random Cars in our Driveway.



Summary of the Ferrer's and **101 North Hibiscus Drive** *(Recent Neighbor)*

Branded by the Owner on Social Media:  Hibiscus House





Case 1:24-cv-24690-KMM   Document 4-6   Entered on FLSD Docket 12/02/2024   Page 26 of 59

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JOSE FERRER and                                          Case No.:
JACQUELINE FERRER,

      Plaintiffs,

v.

DANIEL LIBURDI a/k/a DANIEL
VINCENT and 101 N. HIBISCUS LLC,

      Defendants.

_____/

## **VERIFIED COMPLAINT**

Plaintiffs, Jose Ferrer and Jacqueline Ferrer (collectively "Plaintiffs"), by and through undersigned counsel, hereby file this Verified Complaint against defendants, Daniel Liburdi a/k/a Daniel Vincent ("Liburdi") and 101 N. Hibiscus LLC ("101 Hibiscus LLC") (Liburdi and 101 Hibiscus LLC are collectively hereinafter the "Defendants").

## **THE PARTIES, JURISDICTION AND VENUE**

1.      This is an action to enjoin and abate a private nuisance located at 101 North Hibiscus Drive, Miami Beach, Florida 33139 ("101 Hibiscus").

2.      Plaintiffs are husband and wife and the record title owners of (and reside at) 91 North Hibiscus Drive, Miami Beach, Florida 33139, which is located directly adjacent or next door to 101 Hibiscus.

3.      Liburdi is an individual and resides at 101 Hibiscus.

4.      101 Hibiscus LLC is a foreign limited liability company organized in the State of Wyoming and record title holder of 101 Hibiscus which upon information and belief is managed and operated by Liburdi or an entity within his control.

1

Ex. C

5.      This Court has jurisdiction pursuant to Fla. Stat. § 26.012.

6.      Venue lies in this Court pursuant to Fla. Stat. § 47.011 in that Defendants and 101 Hibiscus are located in and the causes of action accrued in Miami-Dade County, Florida.

7.      All conditions precedent to the maintenance of this action have been satisfied, occurred, or been waived.

## FACTUAL ALLEGATIONS

### A.      Plaintiffs and Their Family

8.      This case arises out of Defendants' utter disregard for the rule of law as set forth in the Code for the City of Miami Beach and for the quality of life of Plaintiffs in a single-family residential neighborhood.

9.      On June 29, 2023, Plaintiffs purchased the real property located at 91 North Hibiscus Drive, Miami Beach, Florida 33139 ("91 Hibiscus").

10.     Plaintiffs reside at 91 Hibiscus as their primary residence and have claimed such property as their homestead for property tax purposes.

11.     Plaintiffs own a business together in the aviation industry and work six days per week, Monday through Saturday, at such business during customary working hours of 8 a.m. to 6 p.m.

12.     Moreover, Plaintiffs care for and raise two minor children, both under the age of ten, which includes, but not limited to, taking them to and from school each week day, assisting with homework after school, attending extracurricular activities, playing with their children on their property and overall, ensuring their children have a safe environment in the community.

13.     Since the purchase of 101 Hibiscus and taking of possession of such property by Defendants, Plaintiffs have experienced consistent interference with and loss of enjoyment of their

property at 91 Hibiscus due to Defendants utilizing 101 Hibiscus to carry out and maintain continuous large-scale, organized events and/or house parties with commercial grade sound systems, lighting, service staff, private security, firework displays, traffic congestion, and event promotion by third parties.

14.   Both 91 Hibiscus and 101 Hibiscus are located in a residential zoned area of Miami Beach, Florida with the city code placing specific restrictions on use in such areas to preserve and protect the residential nature of the zoned area, including any attempts to use such areas for commercial purposes.

15.   Defendants' egregious house parties, events and conduct are keeping Plaintiffs' family up at all hours of the night and significantly affect the family's day-to-day lives as follows: (i) Plaintiffs and their children are fatigued the following day which directly affects their overall health and performance at work and school; (ii) event or party attendees frequently park on public streets blocking Plaintiffs' driveway and the majority of Hibiscus Island's streets that creates an unreasonable risk of death or serious injury in the event an emergency vehicle is called for assistance and is unable to enter and exit; (iii) event or party attendees with no relation to Defendants are invited to consume alcohol which has resulted in party goers later wondering or flowing onto Plaintiffs' property uninvited while intoxicated which creates a risk to Plaintiffs and their children; and (iv) ruined the family's enjoyment of their property as they now are unable to sleep a certain number of nights each week and spend their nights calling law enforcement seeking relief from excessive noise and other nuisances to the community.

16.   As the ongoing pattern of unlawful conduct persists, Defendants and 101 Hibiscus have become an immediate and continued annoyance to Plaintiffs and the community and present a real and continued threat of injury to the health of Plaintiffs and the community.

### B.       City of Miami Beach Code

17.     Pursuant to Section 825.05(1)(a) and (d), Fla. Stat., a "nuisance" includes a "building…that tends to annoy the community or injure the health of the community" and "a place where any law of the state is violated."

18.     Under the Code for the City of Miam Beach, unreasonably loud, excessive, unnecessary, and/or unusual noises are expressly prohibited, including but not limited to, loud music, revving of motor vehicle engines, fireworks, airhorns, and raucous shouting that disturbs the peace of neighboring residential inhabitants.  City of Miami Beach Ord. No. 46-152(a)-(b), (e), (l).

19.     In addition, the Code for the City of Miami Beach also expressly prohibits the commercial use of any residential property.  City of Miami Beach Ord. No. 142-109.

### C.       Defendants and their Unlawful Activities on Hibiscus Island

20.     On August 28, 2024, 101 N. Hibiscus LLC purchased the real property located at 101 Hibiscus.

21.     Liburdi is a single male that resides at 101 Hibiscus on a full-time basis as a tenant, owner (via 101 Hibiscus LLC), and/or authorized agent or caretaker of the property (on behalf of 101 Hibiscus LLC)

22.     Prior to acquiring 101 Hibiscus, Liburdi resided approximately thirteen houses down on the same exact street at real property located at 269 North Hibiscus Drive, Miami Beach, Florida 33139 ("269 Hibiscus").

23.      On September 29, 2023, 269 N. Hibiscus LLC ("269 Hibiscus LLC") purchased the real property located at 269 Hibiscus.  Likewise, Liburdi resided at 269 Hibiscus on a full-time

basis as a tenant, owner (via 269 Hibiscus LLC), and/or authorized agent or caretaker of the property (on behalf of 269 Hibiscus LLC).

24.     At the time of residing at 269 Hibiscus, Liburdi offered and carried out continuous organized events and/or house parties with commercial grade sound systems, traffic congestion, and event promotion in violation of City of Miami Beach ordinances and local codes.  In addition, such events and/or house parties resulted in raucous shouting outdoors from party attendees, unnecessary engine revving in the driveway of 269 Hibiscus, blockage of roadways and congestion for nearby residents, and filming of commercial grade music videos by performance artists on the residential property.

25.     Specifically, Liburdi carried out such events and/or parties on April 4 and 5, 2024.

26.     Due to the unlawful conduct, Miami Beach Police Department ("MBPD") was contacted by local residents on such dates for excessive and unnecessary noise which resulted in official code violation citations being issued by MBPD in assigned cases CC2024-17953 and CC2024-17954.

27.     The residential homes, including 91 Hibiscus, 101 Hibiscus and 269 Hibiscus, are located on a man-made island known as Hibiscus Island.  Hibiscus Island, Palm Island, and Star Island are governed by an association called the PHS Islands Association ("Association") which is voluntary for property owners on such islands.

28.     Following the unlawful noise and filming activity on April 4, 2024, the Association served correspondence on Liburdi at 269 Hibiscus regarding the complaints and requested cooperation in adhering to the City of Miami Beach's code; unfortunately, the request and code were ignored by Liburdi.

29.     269 Hibiscus is a six-bedroom, seven-bathroom residential home with approximately 9,000 square feet.

30.     In contrast, 101 Hibiscus is a six-bedroom, seven-bathroom residential home with approximately 16,000 square feet.

31.     Upon information and belief, Liburdi, through entities within his control, purchased 101 Hibiscus to not only evade complaints and a past citation record at 269 Hibiscus, but to take advantage of a newer and larger residential home to host events and/or parties on a larger, commercial grade scale to further his aspirations of becoming a social media influencer and/or receive payment or greater financial gain from commercial entities and/or individuals that organize and/or host events and house parties at his properties.

32.     On October 17, 2024, Defendants hosted a large-scale, organized event and/or party at 101 Hibiscus with commercial grade sound systems, lighting, service staff, private security, firework displays, traffic congestion, and event promotion in violation of City of Miami Beach ordinances and local codes.  In addition, such events and/or parties resulted in raucous shouting and the sounding of air horns outdoors from party attendees.  As a result, Plaintiffs contacted the MBPD and placed excessive noise complaints at 1:52 a.m. and 2:37 a.m. that evening and early morning.

33.     On October 26, 2024, Defendants hosted another large-scale, organized event and/or party at 101 Hibiscus with commercial grade sound systems, lighting, service staff, private security, firework displays, traffic congestion, and event promotion in violation of City of Miami Beach ordinances and local codes.  In addition, such events and/or parties resulted in raucous shouting and the sounding of air horns outdoors from party attendees.  As a result, Plaintiffs

contacted the MBPD and placed excessive noise complaints at 11:00 p.m., 1:01 a.m., 1:28 a.m., 1:43 a.m., 1:47 a.m., 3:18 a.m., and 4:11 a.m. that evening and early morning.

34.     During the October 26, 2024, event and/or house party, Defendants fully commercialized the property at 101 Hibiscus to give it a night club like atmosphere and environment, including but not limited to, giving it an official venue name – i.e., the "Hibiscus House" – and instituting an official "lost and found" (indicating Defendants had no prior relationship with the attendees).   Each foregoing commercialized aspect is reflected in the following social media posts created and published by Liburdi and his affiliates:







35.     Moreover, Defendants permitted third parties to advertise their services and/or brands at such event and/or party – i.e., "Myles Kronmen" (social influencer with commercial brands), "a Portes Serrano Project" (professional party planner), and Reese Global (social

influencer with commercial brands).  Such brands, sponsors, and/or organizers are reflected in the following social media post created and published by Liburdi:



36.     The foregoing social media post also thanked the general public for the "feedback" and claimed that more events and/or parties will be held in the future – e.g., Art Basel – and to "stay tuned."

10

37.     As a result of such event and house party, the MBPD issued additional official code violations in assigned cases NC2024-28938 and NC2024-28950 to Defendants.

38.     On November 10, 2024, Liburdi again hosted a large-scale, organized event and/or house party at 101 Hibiscus with commercial grade sound systems, lighting, service staff, private security, firework displays, traffic congestion, and event promotion in violation of City of Miami Beach ordinances and local codes.  In addition, such events and/or parties resulted in raucous shouting and the sounding of air horns outdoors from party attendees.  As a result, Plaintiffs contacted the MBPD and placed an excessive noise complaint at 4:06 a.m.

39.     On November 12, 2024, legal counsel for Plaintiffs' served Defendants with a Statutory Notice to Abate pursuant to Section 60.05, Fla. Stat., demanding the immediate abatement of the commercialized events and adherence to the Code of the City of Miami.

40.     In direct rejection of such demand, on November 16, 2024, Defendants hosted a large-scale, organized event and/or party at 101 Hibiscus with commercial grade sound systems, lighting, service staff, private security, firework displays, traffic congestion, and event promotion in violation of City of Miami Beach ordinances and local codes.  In addition, such events and/or parties resulted in raucous shouting and the sounding of air horns outdoors from party attendees.  As a result, Plaintiffs contacted the MBPD and placed an excessive noise complaint at 2:42 a.m.  At the time of speak with an officer, the officer informed Plaintiffs that approximately 87 motor vehicles had entered the island for such party.

41.     Due to the limited amount of parking, persons attending the event parked illegally on adjoining public streets and neighboring private properties, including Plaintiffs' blocking their right of way.  Separate from the excessive noise, the inadequate parking situation caused additional disturbances in the neighborhood and creates an unreasonable risk of death or serious injury in the

event an emergency vehicle is called for assistance and is unable to enter and exit.  Such parking

threat has occurred on other event dates as well.

     42.    On October 26 and November 16, 2024, Plaintiffs captured the following pictures

reflecting the congestion and blockage of the only streets on the island:





     43.    For each event and/or party set forth above, Defendants hire off duty law

enforcement officers to superficially act as security but in reality, upon information and belief,

such individuals are instructed to deter on duty law enforcement officers, that respond as a result

of noise complaints, from interfering or otherwise ceasing the event and house party.  As a result of such deterrence by off duty law enforcement officers, despite Plaintiffs' calls to law enforcement for help, the excessive loud music and traffic congestion continue and are maintained each evening until 6 a.m.

44.    In summary, law enforcement has been contacted on **thirteen** separate occasions by Plaintiffs and others merely since April 2024 due to continuous instances of excessive loud noise, crowds, and blocking of public streets in violation of the city's ordinances.

45.    Liburdi's properties are frequently the site of large parties and events wherein alcohol is consumed and noise, including but not limited to, amplified music, emanating at volumes that are unreasonably loud, excessive, and unnecessary including in the late-night and early-morning hours, disrupts the peace and quiet sought by neighboring residents, including Plaintiffs.

46.    To date, there have been multiple large-scale disturbances, including several disturbances within the span of a single party, demonstrating that the issuance of violations by MBPD fail to adequately deter the bad conduct with Defendants openly planning future events with no intent of stopping despite threats and demands to do so.

47.    As such, the ongoing pattern of unlawful conduct at the subject property, as well as the traffic, crowds, and noise at all hours of the night generated by such property, present a real and immediate annoyance to Plaintiffs, injuring the health of Plaintiffs, and/or violating the law, and constitutes a nuisance ripe for judicial intervention.

**CAUSE OF ACTION**

**COUNT I – PRIVATE NUISANCE**

**Against Defendants and 101 Hibiscus**

48.     Plaintiffs reallege and incorporate herein Paragraphs 1 through 47 set forth above.

49.     Defendants carried out activities that interfered with Plaintiffs' use and enjoyment of their property interests at 91 Hibiscus.

50.     Plaintiffs own and possess 91 Hibiscus.

51.     Defendants interfered with Plaintiffs' use and enjoyment of the real property at 91 Hibiscus.

52.     Defendants' activities constitute a nuisance.

53.     Defendants' creation and continued maintenance of such nuisance is the proximate cause of injury to Plaintiffs.

54.     The nuisance has caused, and continues to pose a continued immediate threat of, irreparable injury to Plaintiffs and to property, and there is no adequate remedy at law.

WHEREFORE, Plaintiffs having no adequate remedy at law, and their quality of life and property rights being threatened, require equitable relief and prays that this Honorable Court grant a temporary and permanent injunction enjoining: (i) the maintenance of the nuisance complained of on 101 Hibiscus; (ii) the conduct, operation or maintenance of any commercial business or activity on 101 Hibiscus; (iii) the use of 101 Hibiscus as an impermissible party or event house; and (iv) the making or maintenance of any unreasonably loud, excessive, unnecessary or unusual noises on 101 Hibiscus.  Further, Plaintiffs request that a certified copy of said injunction be recorded in the public records of Miami-Dade County, which shall constitute notice to and be binding upon any subsequent purchasers, successors in interests, or assigns.

Dated: November 22, 2024

Respectfully Submitted,

/s/ Matthew M. Fischer

Matthew M. Fischer, Esq.
Florida Bar No. 40997
MATTHEW M. FISCHER, P.A.
110 E. Broward Blvd, Suite 1700
Fort Lauderdale, FL 33301
Tel: (954) 859.5558
Fax: (954) 859.5525
matt@fischerlawpa.com

*Attorney for Plaintiffs*

## VERIFICATION OF COMPLAINT

We, Jose Ferrer and Jacqueline Ferrer, are over the age of eighteen (18) years old and are otherwise sui juris.  Under penalties of perjury, we declare that we have read the foregoing Verified Complaint and that the facts alleged therein are true and correct to the best of our knowledge and belief based on personal knowledge and our review of the City of Miami Beach's public records concerning the matters at issue in the Verified Complaint.

Jose Ferrer

Jacqueline Ferrer

15

Filing # 211575279 E-Filed 11/22/2024 02:54:23 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JOSE FERRER and                                    Case No.:
JACQUELINE FERRER,

      Plaintiffs,

v.

DANIEL LIBURDI a/k/a DANIEL
VINCENT and 101 N. HIBISCUS LLC,

      Defendants.

_____/

### **PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY INJUNCTION**

Plaintiffs, Jose Ferrer and Jacqueline Ferrer (collectively "Plaintiffs"), by and through

undersigned counsel, moves for the issuance of a temporary injunction against defendants Daniel

Liburdi a/k/a Daniel Vincent ("Liburdi") and 101 N. Hibiscus LLC ("101 Hibiscus LLC") (Liburdi

and 101 Hibiscus LLC are collectively hereinafter the "Defendants"), enjoining them from

maintaining a private nuisance on the property located at 101 North Hibiscus Drive, Miami Beach,

Florida 33139 ("101 Hibiscus").

### **FACTUAL BACKGROUND**

Plaintiffs have filed this action to enjoin and abate a private nuisance located at 101

Hibiscus.[1]  This case arises out of Defendants' utter disregard for the rule of law as set forth in the

Code for the City of Miami Beach and for the quality of life of Plaintiffs in a peaceful single-

family residential neighborhood.  No one, no matter how wealthy, is above the law.  Repeated

visits by law enforcement and the imposition of official citations by city code enforcement have

---

[1] A Verified Complaint supporting all of the factual allegations herein is being filed simultaneously
with this motion.

1

Ex. D

not sufficed to deter Defendants' unlawful conduct. Plaintiffs (and neighbors) are now fed up, and this nuisance is ripe for judicial intervention. Thus, injunctive relief is necessary.

Plaintiffs are husband and wife and the record title owners of (and reside at) 91 North Hibiscus Drive, Miami Beach, Florida 33139, which is located directly adjacent or next door to 101 Hibiscus. On June 29, 2023, Plaintiffs purchased the real property located at 91 North Hibiscus Drive, Miami Beach, Florida 33139 ("91 Hibiscus"). Plaintiffs reside at 91 Hibiscus as their primary residence and have claimed such property as their homestead for property tax purposes.

Plaintiffs own a business together in the aviation industry and work six days per week, Monday through Saturday, at such business during customary working hours of 8 a.m. to 6 p.m. Plaintiffs care for and raise two minor children, both under the age of ten, which includes, but not limited to, taking them to and from school each week day, assisting with homework after school, attending extracurricular activities, playing with their children on their property and overall, ensuring their children have a safe environment in the community.

Since the purchase of 101 Hibiscus and taking of possession of such property by Defendants, Plaintiffs have experienced consistent interference with and loss of enjoyment of their property at 91 Hibiscus due to Defendants utilizing 101 Hibiscus to carry out and maintain continuous large-scale, organized events and/or house parties with commercial grade sound systems, lighting, service staff, private security, firework displays, traffic congestion, and event promotion by third parties. Both 91 Hibiscus and 101 Hibiscus are located in a residential zoned area of Miami Beach, Florida with the city code placing specific restrictions on use in such areas to preserve and protect the residential nature of the zoned area, including any attempts to use such areas for commercial purposes.

Defendants' egregious house parties, events and conduct are keeping Plaintiffs' family up at all hours of the night and significantly affect the family's day-to-day lives as follows: (i) Plaintiffs and their children are fatigued the following day which directly affects their overall health and performance at work and school; (ii) event or party attendees frequently park on public streets blocking Plaintiffs' driveway and the majority of Hibiscus Island's streets that creates an unreasonable risk of death or serious injury in the event an emergency vehicle is called for assistance and is unable to enter and exit; (iii) event or party attendees with no relation to Defendants are invited to consume alcohol which has resulted in party goers later wondering or flowing onto Plaintiffs' property uninvited while intoxicated which creates a risk to Plaintiffs and their children; and (iv) ruined the family's enjoyment of their property as they now are unable to sleep a certain number of nights each week and spend their nights calling law enforcement seeking relief from excessive noise and other nuisances to the community.

On August 28, 2024, 101 N. Hibiscus LLC purchased the real property located at 101 Hibiscus.  Liburdi resides at 101 Hibiscus on a full-time basis as a tenant, owner (via 101 Hibiscus LLC), and/or authorized agent or caretaker of the property (on behalf of 101 Hibiscus LLC).  101 Hibiscus LLC is a foreign limited liability company organized in the State of Wyoming and record title holder of 101 Hibiscus which upon information and belief is managed and operated by Liburdi or an entity within his control.

Prior to acquiring 101 Hibiscus, Liburdi resided approximately thirteen houses down on the same exact street at real property located at 269 North Hibiscus Drive, Miami Beach, Florida 33139 ("269 Hibiscus").  On September 29, 2023, 269 N. Hibiscus LLC ("269 Hibiscus LLC") purchased the real property located at 269 Hibiscus.  Likewise, Liburdi resided at 269 Hibiscus on

a full-time basis as a tenant, owner (via 269 Hibiscus LLC), and/or authorized agent or caretaker of the property (on behalf of 269 Hibiscus LLC).

At the time of residing at 269 Hibiscus, Liburdi offered and carried out continuous organized events and/or house parties with commercial grade sound systems, traffic congestion, and event promotion in violation of City of Miami Beach ordinances and local codes.  In addition, such events and/or house parties resulted in raucous shouting outdoors from party attendees, unnecessary engine revving in the driveway of 269 Hibiscus, blockage of roadways and congestion for nearby residents, and filming of commercial grade music videos by performance artists on the residential property.  Specifically, Liburdi carried out such events and/or parties on April 4 and 5, 2024.  Due to the unlawful conduct, Miami Beach Police Department ("MBPD") was contacted by local residents on such dates for excessive and unnecessary noise which resulted in official code violation citations being issued by MBPD in assigned cases CC2024-17953 and CC2024-17954.

The residential homes, including 91 Hibiscus, 101 Hibiscus and 269 Hibiscus, are located on a man-made island known as Hibiscus Island.  Hibiscus Island, Palm Island, and Star Island are governed by an association called the PHS Islands Association ("Association") which is voluntary for property owners on such islands.  Following the unlawful noise and filming activity on April 4, 2024, the Association served correspondence on Liburdi at 269 Hibiscus regarding the complaints and requested cooperation in adhering to the City of Miami Beach's code; unfortunately, the request and code were ignored by Liburdi.

269 Hibiscus is a six-bedroom, seven-bathroom residential home with approximately 9,000 square feet.  In contrast, 101 Hibiscus is a six-bedroom, seven-bathroom residential home with approximately 16,000 square feet.  Upon information and belief, Liburdi, through entities within his control, purchased 101 Hibiscus to not only evade complaints and a past citation record at 269

Hibiscus, but to take advantage of a newer and larger residential home to host events and/or parties on a larger, commercial grade scale to further his aspirations of becoming a social media influencer and/or receive payment or greater financial gain from commercial entities and/or individuals that organize and/or host events and house parties at his properties.

On October 17, 2024, Defendants hosted a large-scale, organized event and/or party at 101 Hibiscus with commercial grade sound systems, lighting, service staff, private security, firework displays, traffic congestion, and event promotion in violation of City of Miami Beach ordinances and local codes.   In addition, such events and/or parties resulted in raucous shouting and the sounding of air horns outdoors from party attendees.   As a result, Plaintiffs contacted the MBPD and placed excessive noise complaints at 1:52 a.m. and 2:37 a.m. that evening and early morning.

On October 26, 2024, Defendants hosted another large-scale, organized event and/or party at 101 Hibiscus with commercial grade sound systems, lighting, service staff, private security, firework displays, traffic congestion, and event promotion in violation of City of Miami Beach ordinances and local codes.   In addition, such events and/or parties resulted in raucous shouting and the sounding of air horns outdoors from party attendees.   As a result, Plaintiffs contacted the MBPD and placed excessive noise complaints at 11:00 p.m., 1:01 a.m., 1:28 a.m., 1:43 a.m., 1:47 a.m., 3:18 a.m., and 4:11 a.m. that evening and early morning.

During the October 26, 2024, event and/or house party, Defendants fully commercialized the property at 101 Hibiscus to give it a night club like atmosphere and environment, including but not limited to, giving it an official venue name – i.e., the "Hibiscus House" – and instituting an official "lost and found" (indicating Defendants had no prior relationship with the attendees).   Each foregoing commercialized aspect is reflected in the following social media posts created and published by Liburdi and his affiliates:







Moreover, Defendants permitted third parties to advertise their services and/or brands at such event and/or party – i.e., "Myles Kronmen" (social influencer with commercial brands), "a Portes Serrano Project" (professional party planner), and Reese Global (social influencer with

commercial brands).  Such brands, sponsors, and/or organizers are reflected in the following social

media post created and published by Liburdi:



The foregoing social media post also thanked the general public for the "feedback" and claimed

that more events and/or parties will be held in the future – e.g., Art Basel – and to "stay tuned."

As a result of such event and house party, the MBPD issued additional official code violations in assigned cases NC2024-28938 and NC2024-28950 to Defendants.

On November 10, 2024, Liburdi again hosted a large-scale, organized event and/or house party at 101 Hibiscus with commercial grade sound systems, lighting, service staff, private security, firework displays, traffic congestion, and event promotion in violation of City of Miami Beach ordinances and local codes. In addition, such events and/or parties resulted in raucous shouting and the sounding of air horns outdoors from party attendees. As a result, Plaintiffs contacted the MBPD and placed an excessive noise complaint at 4:06 a.m.

On November 12, 2024, legal counsel for Plaintiffs' served Defendants with a Statutory Notice to Abate pursuant to Section 60.05, Fla. Stat., demanding the immediate abatement of the commercialized events and adherence to the Code of the City of Miami. In direct rejection of such demand, on November 16, 2024, Defendants hosted a large-scale, organized event and/or party at 101 Hibiscus with commercial grade sound systems, lighting, service staff, private security, firework displays, traffic congestion, and event promotion in violation of City of Miami Beach ordinances and local codes. In addition, such events and/or parties resulted in raucous shouting and the sounding of air horns outdoors from party attendees. As a result, Plaintiffs contacted the MBPD and placed an excessive noise complaint at 2:42 a.m. At the time of speak with an officer, the officer informed Plaintiffs that approximately 87 motor vehicles had entered the island for such party.

Due to the limited amount of parking, persons attending the event parked illegally on adjoining public streets and neighboring private properties, including Plaintiffs' blocking their right of way. Separate from the excessive noise, the inadequate parking situation caused additional disturbances in the neighborhood and creates an unreasonable risk of death or serious injury in the

event an emergency vehicle is called for assistance and is unable to enter and exit.  Such parking

threat has occurred on other event dates as well.  On October 26 and November 16, 2024, Plaintiffs

captured the following pictures reflecting the congestion and blockage of the only streets on the

island:





For each event and/or party set forth above, Defendants hire off duty law enforcement officers to

superficially act as security but in reality, upon information and belief, such individuals are

instructed to deter on duty law enforcement officers, that respond as a result of noise complaints,

from interfering or otherwise ceasing the event and house party.  As a result of such deterrence by off duty law enforcement officers, despite Plaintiffs' calls to law enforcement for help, the excessive loud music and traffic congestion continue and are maintained each evening until 6 a.m.

In summary, law enforcement has been contacted on **thirteen** separate occasions by Plaintiffs and others merely since April 2024 due to continuous instances of excessive loud noise, crowds, and blocking of public streets in violation of the city's ordinances.  Liburdi's properties are frequently the site of large parties and events wherein alcohol is consumed and noise, including but not limited to, amplified music, emanating at volumes that are unreasonably loud, excessive, and unnecessary including in the late-night and early-morning hours, disrupts the peace and quiet sought by neighboring residents, including Plaintiffs.  To date, there have been multiple large-scale disturbances, including several disturbances within the span of a single party, demonstrating that the issuance of violations by MBPD fail to adequately deter the bad conduct with Defendants openly planning future events with no intent of stopping despite threats and demands to do so.

## MEMORANDUM OF LAW

### I.    Legal Standard for Injunctive Relief

"The trial court is afforded broad discretion when granting, modifying or denying an injunction." *Allied Universal Corp. v. Given,* 223 So. 3d 1040, 1042 (Fla. 3d DCA 2017). "[T]he purpose of a temporary injunction is not to resolve disputed issues, but rather to preserve the status quo pending final hearing on the merits[.]" *City of Miami Beach vKuoni Destination Mgmt., Inc.,* 81 So. 3d 530, 532 (Fla. 3d DCA 2012). This court has wide latitude to grant a temporary injunction, and such relief must be affirmed on appeal absent a clear abuse of discretion. *State Inv. Holding, Inc. v. Merrick P'ship, LLC,* 103 So. 3d 232, 234 (Fla. 3d DCA 2012) (citing *Cohen Fin., LP v. KMC/EC II, LLC,* 967 So. 2d 224, 226 (Fla. 3d DCA 2007)).

Under Florida law, a trial court should grant a temporary injunction "where there is a showing of (1) the likelihood of irreparable harm and the unavailability of an adequate remedy at law, (2) a substantial likelihood of success on the merits, (3) that the threatened injury to [the movant] outweigh any possible harm to the [non-movants], and (4) that the granting of the preliminary injunction will not disserve the public interest." *City of Miami v. City of Miami Firefighters' & Police Officers' Ref. Tr. & Plan,* 249 So. 3d 709, 714 (Fla. 3d DCA 2018) (quoting *Miami-Dade Cty. v. Fernandez,* 905 So.2d 213, 215 (Fla. 3d DCA 2005)).

As set forth below, the four elements that this Court must weigh overwhelmingly favor Plaintiffs' request for temporary injunctive relief.

## II.    Defendants Irreparably Harm Plaintiffs and the Quality of their Property

With each willful violation of the City's code, Defendants irreparably harm the quality of Plaintiffs' residential property and neighborhood. Plaintiffs reside in a single-family residential neighborhood and expect and are entitled under the City code to receive peace and quiet free from unreasonably loud and excessive noise, free from commercial activities in the area, and free from out of control party goers.  Defendants have infringed and continued to infringe on those freedoms.

No remedy at law exists to adequately compensate for the irreparable harm caused by Defendants' actions, which are entirely inconsistent with the residential character of the neighborhood.  Even visits by law enforcement and the imposition of official code enforcement citations have not stopped Defendants' unlawful conduct.  Absent an injunction, the irreparable harm is highly likely to continue.

## III.    Plaintiffs are Substantially Likely to Succeed on the Merits

Further, Plaintiffs are substantially likely to succeed on the merits of its nuisance abatement action.  Pursuant to Section 825.05(1)(a) and (d), Fla. Stat., a "nuisance" includes a "building…that

13

tends to annoy the community or injure the health of the community" and "a place where any law of the state is violated." Under the Code for the City of Miam Beach, unreasonably loud, excessive, unnecessary, and/or unusual noises are expressly prohibited, including but not limited to, loud music, revving of motor vehicle engines, fireworks, airhorns, and raucous shouting that disturbs the peace of neighboring residential inhabitants. City of Miami Beach Ord. No. 46-152(a)-(b), (e), (l). The Code for the City of Miami Beach also expressly prohibits the commercial use of any residential property. City of Miami Beach Ord. No. 142-109.

Under Florida law, a nuisance may be found where a residential property is being used for rowdy parties, *e.g., Bd. of Cty. Comm'rs of Brevard Cty., Fla. v. Moorer,* No. 05-2005-CA-020223, 2005 WL 8181763 (Fla. 18th Cir. Ct. Sept. 28, 2005), or for prohibited commercial activity, *e.g., Clark v. Bluewater Key RV Ownership Park Prop. Owners Ass'n, Inc.,* 226 So. 3d 276, 282-83 (Fla. 3d DCA 2017). In addition, the City code provides that any violation of its noise ordinances "shall constitute a nuisance." City of Miami Beach Ord. No. 46-160. It should also be noted that the persons responsible for compliance with the noise ordinances includes "any persons owning or having responsibility for management of a premises, however temporarily"; "any person playing music"; and "any person having control of volume knobs or levels or amplification devices." City of Miami Beach Ord. No. 46-153. This means that a landlord, agent, and tenant are all responsible for compliance with the noise ordinances and may be enjoined from committing future noise violations.

The subject property, as operated and maintained by the Defendants, constitutes a nuisance that tends to annoy Plaintiffs and the community and injures the health of Plaintiffs in general, and is a place where the law is routinely violated. The subject property is frequently the site of large parties (both commercial and private) wherein alcohol is consumed and noise, including but not

14

limited to amplified music, emanates at volumes that are unreasonably loud, excessive, and unnecessary, including in the late-night and early-morning hours, disrupting the peace and quiet sought by Plaintiffs.  Both the Florida Statutes and the City code authorize an injunction against such disruptions.

Moreover, due to the limited amount of parking, persons attending these events frequently park on adjoining public streets, right-of-way areas and neighboring private properties. This inadequate parking situation causes additional disturbances to Plaintiffs and other single-family residents in the neighborhood.  There have been multiple large-scale disturbances at the subject property, including several disturbances within the span of a single party, demonstrating that the issuance of violations by code enforcement or even the MBPD fails to adequately deter the bad conduct.  The ongoing pattern of unlawful conduct, as well as the traffic, crowds, and noise at all hours of the night generated by the subject property, presents a real and immediate threat of annoying Plaintiffs and the community, injuring the health of Plaintiffs and the community, and/or violating the law, and constitutes a nuisance.

### IV.    The Equities Weigh in Favor of Injunctive Relief

There can be no real dispute as the equities undoubtedly weigh in favor of enjoining the complained of conduct. The public interest is served by enforcing the City's lawful Code provisions.  Plaintiffs would finally receive the quality of life to which they are entitled. In addition, MBPD and City resources would not be continually expended combatting Defendants' City code violations which would free up the public resources to be better spent on other endeavors. In contrast, Defendants have no right to violate the City code. There is no claim of entitlement to use, or advertise for use of, the subject property for commercial purposes. Nor do either Defendants have any right to host noisy parties that disrupt the tranquility of the

neighborhood, create traffic and parking concerns, and otherwise lead to unruly conduct. Thus, enjoining the nuisance would not cause Defendants any injury, whereas denying the injunction would greatly disserve the public interest.

## **CONCLUSION**

Plaintiffs having no adequate remedy at law, and their quality of life and property rights being threatened, require equitable relief and prays that this Honorable Court grant a temporary and permanent injunction enjoining: (i) the maintenance of the nuisance complained of on 101 Hibiscus; (ii) the conduct, operation or maintenance of any commercial business or activity on 101 Hibiscus; (iii) the use of 101 Hibiscus as an impermissible party or event house; and (iv) the making or maintenance of any unreasonably loud, excessive, unnecessary or unusual noises on 101 Hibiscus. Further, Plaintiffs request that a certified copy of said injunction be recorded in the public records of Miami-Dade County, which shall constitute notice to and be binding upon any subsequent purchasers, successors in interests, or assigns.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 22, 2024, a copy of the foregoing was electronically filed with the Clerk of Courts using the Florida Courts E-Filing Portal and served on all parties of record, including Defendants at the address for 101 Hibiscus.

Respectfully Submitted,

<u>/s/ Matthew M. Fischer</u>
Matthew M. Fischer, Esq.
Florida Bar No. 40997
MATTHEW M. FISCHER, P.A.
110 E. Broward Blvd, Ste 1700
Fort Lauderdale, FL 33301
Tel: (954) 859.5558
Fax: (954) 859.5525
matt@fischerlawpa.com

*Counsel for Plaintiff*



December 18, 2023

Mr. Sinan Tuna
165 N Hibiscus Drive
Miami Beach, FL 33139


Dear Mr. Tuna,

We are writing this letter in reference to an event which took place at 165 North Hibiscus Drive on Thursday December 7, 2023.

Over the last week, we received an unusually high number of complaints from residents of Hibiscus and Palm Island and as far as the Venetian Islands, Sunset Islands, and Star Island regarding noise and traffic due to the event.  Testimonials include fireworks debris falling on people's lawn, young children woken and terrified from the explosive noise, and elderly residents shaking in their beds and inability to sleep. In the words of one Hibiscus resident of nearly 40 years, it was the worst noise level he/she ever experienced. Another had a difficult time accessing their own home due to the traffic pattern.

As the Security Committee, we have been following up with the city regarding this unfortunate event. Miami Beach Police Department (MBPD) is aware of the incident and is conducting their review that will be shared with the Committee. After receiving multiple complaints, the mayor's office is also reviewing the incident and the city's subsequent response.

Besides the extremely elevated noise levels past 11pm, we also understand that generators were brought onto the property for additional power. The excessive number of guests on property, which we were told was in the many hundreds, may have been a fire hazard as well.

Ex. E

Our primary responsibility is towards the safety and security of all residents of the Association, including your own, and to ensure a quality of life that is expected of a residential neighborhood. The events of Thursday December 7 concerned us to the point that we felt it was necessary to write this letter.

We are requesting an in-person meeting with you to understand what occurred last week and to ensure this will not happen again. We ultimately want to work with our residents to enjoy their property in a safe and peaceful manner.  Amy De Saint Seine will reach out to set up a convenient time and place to meet.

Sincerely,


Allison Feldman & Chris Torto
Board and Security Committee Members
PHS Islands Association